## W. M. CAMPBELL v. STATE.

No. A-4849.   Opinion Filed June 27, 1925.
(237 Pac. 147.)

W. R. Withington, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.   W. M. Campbell, plaintiff in error, in this opinion designated the defendant, was convicted of the illegal manufacturing of intoxicating liquor, and by a verdict of a jury his punishment was fixed at confinement

in the county jail for a period of 6 months and a fine of $500.

There are three assignments of error urged which are worthy of consideration: First, it is contended that the admission of the major portion of the evidence was improper, for the reason that the evidence was obtained by means of an unauthorized search and seizure. This claim cannot be sustained, because the whisky and still seized were found and taken from an unoccupied apartment, and there was no invasion of the private premises of the defendant. Moreover, this objection was not properly raised in the trial court, and cannot be successfully urged for the first time here. Gore v. State, 24 Okla. Cr. 394, 218 P. 545.

It is next contended that the evidence is insufficient to support the verdict. The defendant and his family occupied some rooms on the lower floor of a two-story apartment house, southwest of the packing plants in Oklahoma City. This apartment house contained sixteen rooms, some of which were vacant. In one of the unrented rooms, located immediately above one of the rooms occupied by the defendant, the officers found a still, some barrels of mash, and seven gallons of whisky. There was a brick flue extending up from this lower room into and through the room above, where the still was found. Planks had been laid on the floor above, and these were covered with a layer of bricks, upon which the cooker of the still rested; the cooker being connected with the flue vent. A discarded barrel of mash was sitting on the ground near one of the windows of a room occupied by the defendant.

When the still, mash, and whisky were discovered and seized, the defendant was in his own apartment below, and when arrested he denied ownership, or knowledge of the existence of the still, and so testified at the trial. Access to the upper floor of this apartment house was by means of an outside stairway. The defendant testified that at the

time of the trial he was a farmer, but that at the time of his arrest he was employed at the packing house on the night shift, and that he and his family had been living in this apartment about five weeks; that on the evening of his arrest, when supper was ready to be served, there was a young man there whom defendant had seen about the place several times, and that defendant invited this young man to eat supper with them; that while the meal was in progress they heard a commotion upstairs, and that the young man quickly got up from the table and ran away; that the officers fired several shots at him as he was fleeing, and then came back and placed the defendant under arrest.

None of the other inmates of the house were interrogated as to the ownership or operation of the still, and none of them were witnesses at the trial.

The conviction in this case rests largely upon the assumption that the young man who fled from defendant's apartment must have been interested in the operation of the still, and that defendant was implicated with him. This presumption alone is insufficient to support the verdict.

The evidence tending to connect the defendant with the operation of the still was purely circumstantial. An instruction on circumstantial evidence was requested and denied. It cannot be said that the evidence excluded every other reasonable hypothesis than that of the guilt of the defendant.

The cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.